IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA M. SPENCER,** | : | **CIVIL NO. 1:11-CV-01850** |
| **Plaintiff** | : | |
| v. | : | |
| **Pfc. T. J. BIGGINS;** <br> **Pfc. S. T. HIGGS;** <br> **DET. T. G. GUISE; and** <br> **DEPUTY MILLER,** | : | **JUDGE SYLVIA H. RAMBO** |
| **Defendants** | : | |

## <u>M E M O R A N D U M</u>

Presently before the court is Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). For the reasons that follow, the motion will be denied.

**I.**     <u>**Background**</u>

In this civil action, *pro se* plaintiff Joshua M. Spencer brought an action pursuant to 42 U.S.C. § 1983 against several police officers for violations of his Fourth Amendment rights as a result of the alleged use of excessive force during his arrest on October 31, 2009. (Doc. 1.) As the parties are familiar with the facts of this case, the following background is sufficient for purposes of Plaintiff's motion for a new trial.

On October 28, 2013, the court entered an order scheduling trial to commence on January 21, 2014. (Doc. 115.) The court identified that the only issues remaining for trial were excessive force claims against Defendants Higgs and Biggins for allegedly pushing Plaintiff into a creek and slamming a police vehicle door onto Plaintiff's feet. (*Id*.) The order directed each party to file a pretrial memorandum no later than December 16, 2013 and established a briefing schedule

for the filing of motions in limine. (*Id.*) The court further ordered Plaintiff to file, *in camera*, an addendum to his pretrial memorandum identifying, *inter alia*, the names of all proposed witnesses that he intended to present, together with the prisoner number and location for any incarcerated witness, and the substance of the testimony for each proposed witness. (*Id.*)

On November 12, 2013, Defendants filed a motion in limine to admit the prior convictions of Plaintiff and his anticipated witness, Jose Rojo. (Doc. 118.) In addition, Defendants filed a motion to preclude Plaintiff from testifying about any injuries he received during his arrest and about Defendant Biggins' reputation for using excessive force. (Doc. 120.) Plaintiff did not file a response to either motion. By order dated January 3, 2013, the court granted the motion to admit the prior convictions of Plaintiff and his witness with several restrictions. (Doc. 131.) The court also granted the motion to preclude Plaintiff's testimony as to Defendant Biggins' reputation, but denied the motion as to evidence of Plaintiff's physical injuries. (*Id.*)

On January 9, 2014, Plaintiff filed several pretrial motions, including an additional motion for the appointment of legal counsel and a motion to continue trial. (*See* Docs. 132-35.) The court denied the motions by order dated January 9, 2014. (Doc. 136.) In the order, the court noted that Plaintiff had failed to file a pretrial memorandum, despite the court directing him to do so in its October 28, 2013 order and providing him with a pretrial memorandum form to use as a guideline. (*Id.*)

On January 21, 2014, approximately one hour prior to jury selection, the parties convened for a pretrial conference. (Notes of Testimony, January 21-22, 2014, p. 3 ("N.T. at p. __").) During the conference, Plaintiff disclosed to the court for the first time that he intended to call Jose Rojo, an inmate at the State

Correctional Institute of Camp Hill ("SCI-Camp Hill"), to testify on his behalf at trial. (*Id*. at 3-4.) Plaintiff offered no explanation as to why he failed to comply with the court's October 28, 2013 order and elected not to file a pretrial memorandum or otherwise notify the court of his proposed witness. (*See* Doc. 115.) Due to the last-minute nature of Plaintiff's request, the court prohibited the use of the witness, explaining that the court did not have the opportunity to file a writ of habeas corpus ad testificandum in order to have the witness appear at trial. (N.T. 4, Jan. 21, 2014.) Following additional discussion with the parties wherein Plaintiff conceded that his facial injuries were not caused by either of the events remaining at issue in the case, the court also prohibited the presentation of evidence concerning Plaintiff's facial injuries. (*Id*. at 7.)

During his case-in-chief, Plaintiff testified on his own behalf (*id*. at pp. 26, 30-45) and admitted several photographs as exhibits (*id*. at pp. 44-45). He then rested his case. (*Id*. at p. 45.)

In support of their defense, all three defendants testified on their own behalf. (*Id*. at pp. 47-62.) Defendants also presented the testimony of two additional witnesses (*id*. at pp. 65-76) who had been properly identified as potential witnesses in Defendants' pretrial memorandum (*see* Doc. 123). Plaintiff did not object to any of the testimony and took the opportunity to cross-examine each witness. (*See* N.T. at pp. 47-76.) At the conclusion of their case, Defendants presented a Rule 50 motion for a directed verdict with respect to each defendant (*id*. at p. 77), and the court granted the motion as to Defendant Guise (*id*).

At the start of the second day of trial, the court presented its proposed jury instructions to the parties. (*Id*. at p. 81.) Plaintiff twice advised the court that he had no objections to the instructions. (*Id*. at pp. 81, 86.) Prior to closing arguments,

Plaintiff, for the first time, moved for the admission of his hospital records. (*Id*. at p. 86.) In response, the court reminded Plaintiff that the evidence had been closed and precluded him from supplementing the record. (*Id*.) After instructing the jury, the court again asked Plaintiff if he had any objection to the jury instructions. (*Id*. at p. 115.) Plaintiff offered no objection for the third time. (*Id*.) At the close of trial, the jury returned a verdict in favor of the two remaining defendants. (*Id*. at p. 145.)

## II.     **Standard of Review**

A motion for new trial is governed by Federal Rule of Civil Procedure 59. Under this rule, after a jury trial, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In the Third Circuit, a new trial is warranted "when the verdict is against the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." *Sandrow v. United States*, 832 F. Supp. 918, 918 (E.D. Pa. 1993) (citing *Roebuck v. Drexel Univ*., 852 F.2d 715, 735-36 (3d Cir. 1988)).

When a motion for a new trial is based on a prejudicial error of law, the court has broad discretion to order a new trial. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993). If, however, a motion for a new trial is premised on a verdict that is allegedly against the weight of the evidence, the court's discretion is more limited. *Williamson v. Consol. Rail. Corp*., 926 F.2d 1344, 1353 (3d Cir. 1991). Under these circumstances, a new trial should only be granted when the verdict "cries out to be overturned or shocks the conscience." *Id*. In reviewing a motion for a new trial, the court must draw all reasonable inferences in favor of the verdict winner. *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984).

**III.**     **Discussion**

Plaintiff asserts numerous grounds to support his motion for new trial, though his precise arguments are unclear. The court interprets them as follows:

(1)   The court's jury charge was misleading and unclear;

(2)   The court erred in permitting the testimony of Deputy Miller because he had been dismissed from the action prior to trial;

(3)   The court erred in permitting the testimony of Dennis Pennese because he testified that he was one of the assisting officers yet his name is not mentioned in the incident report;

(4)   The court erred in not permitting the testimony of Plaintiff's eye witness, Jose Rojo;

(5)   The court erred in precluding the admission of certain evidence, including the incident report, Plaintiff's hospital records, and photographs of Plaintiff from the night of his arrest;[1]

(6)   The court improperly denied Plaintiff's requests for appointment of counsel; and

(7)   The existence of newly discovered evidence which was not known to Plaintiff at the time of trial.

---

[1] Plaintiff also claims that the court erred in precluding the admission of "the history reports of Officers Biggins, Higgs, and Guise." Plaintiff represented that these "history reports" were in the nature of hearsay statements regarding allegations of the Officers' prior use of unwarranted force against inmates. The content of the "history reports," which are more properly characterized as out-of-court statements from other inmates, were being offered to prove the truth of the matter asserted, to wit, that the Officers had a history of using excessive force against inmates. Thus, these statements qualified as hearsay, which rendered the statements inadmissible because the declarant was not present to testify subject to cross-examination to the subject matter of the accounts. *See* Fed. R. Evid. 802 ("Hearsay is not admissible unless any [exception applies]." Because no hearsay exception was applicable, the court properly declined to admit the proffered history reports. Accordingly, this ground for a new trial warrants no further discussion.

5

(Doc. 147.) The court will address each ground for a new trial in an order that facilitates discussion.

### A. Jury Instructions

Plaintiff first claims that the court's jury instructions were "incorrect such that the issues were not made clear to the jury, the jury was misled by the charge and fundamental errors resulted." (Doc. 147, ¶ 1.) In evaluating contentions of error with regard to jury instructions, the relevant inquiry is "whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury." *United States v. Tiller,* 302 F.3d 98, 104 (3d Cir. 2002) (citing *Ayoub v. Spencer*, 550 F.2d 164, 167 (3d Cir. 1977)). Instead of isolating particular language, the context of the entire charge is to be examined. *Id*. (citing *United States v. Turley*, 891 F.2d 57, 62 (3d Cir. 1989)). Under Federal Rule of Civil Procedure 51, in order to advance a post trial claim of error based on an erroneous jury instruction, the movant must have made a timely and specific objection to the instruction before the jury retired to consider its verdict. *See Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000) (citing *Simmons v. Philadelphia*, 947 F.2d 1042, 1078 (3d Cir. 1991)). Generally, a party who failed to challenge the trial court's jury instructions at the appropriate time is deemed to have waived such a challenge. *Id*. In the present case, Plaintiff did not assert an objection to the proposed jury instructions before the jury began its deliberations. Consequently, Plaintiff may not now raise the instructions as error.

However, in the event a party claiming error in the jury instructions did not make a timely objection, the court will review for plain error and reverse only if the "court committed error that was fundamental and highly prejudicial, such that the

instructions failed to provide the jury with adequate guidance [on a fundamental issue], and . . . refusal to consider the issue would result in a miscarriage of justice." *Id*. (citing *Cooper Distrib'g v. Amana Refrig*., 180 F.3d 542, 549-50 (3d Cir. 1999); *see* Fed. R. Civ. P. 51(d)(2). Reversal for plain error "should only be invoked with extreme caution in the civil context," and is only appropriate "where the error is so serious and flagrant that it goes to the very integrity of the trial." *Fashauer v. New Jersey Transit Rail Operations, Inc*., 57 F.3d 1269, 1289 (3d Cir. 1995).

Here, Plaintiff has not established how any aspect of the charge satisfies the plain error requirements, stating only that the charge was unclear and misleading. In light of the plain error standard, the court cannot find that the instructions were plainly erroneous. The court instructed the jury on relevant law without objection from Plaintiff in a form substantially similar to the Third Circuit Model Jury Instructions. The court has little trouble finding that the jury instructions, when read as a whole, adequately and accurately provided guidance to the jury and represented the law to which the jury applied the facts. The court finds no error – let alone plain error – in reaching its conclusion that the jury instructions presented fairly and adequately submitted the issues to the jury. Therefore, Plaintiff's motion in this regard will be denied.

### B. Evidentiary Rulings

Plaintiff also advances a series of claims regarding basic evidentiary rulings. (*See* Doc. 147, ¶¶ 2-4, 7.) Where the issue under review is based on a matter such as an evidentiary ruling, the trial court's discretion is broad. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993). In reviewing these claims, the court conducts a two-part inquiry: (1) whether an error was, in fact, committed; and (2) whether that error was so prejudicial that denial of a new trial would be

"inconsistent with substantial justice." *Reynolds v. University of Pa.*, 747 F. Supp. 2d 522, 534 (E.D. Pa. 2010) (citations omitted); *see also* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is ground for granting a new trial [or] setting aside a verdict . . . . At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Moreover, "where there is no objection to an evidentiary ruling, [the court may] review only for plain error." *Haeseker v. Reynolds*, 128 F. App'x 857, 859 (3d Cir. 2005). In light of these standards, none of the issues raised by Plaintiff regarding the court's evidentiary rulings reflect that a denial of a new trial would be inconsistent with substantial justice.

### 1. **Kevin Miller's Testimony**

Plaintiff argues that the court erred in permitting the testimony of Kevin Miller because Mr. Miller had been dismissed as a defendant in the case. However, Plaintiff never raised any objection to the testimony of Mr. Miller during trial and, therefore, Plaintiff has waived his right to object in a post-trial motion.[2] Consequently, the admission of Mr. Miller's testimony can only be reviewed for plain error. *See Haeseker*, 128 F. App'x at 859.

It is well within the discretion of the trial court to permit a nonparty witness, who has personal knowledge regarding the incident at issue, to testify at trial. *See Haeseker*, 128 F. App'x at 858 (finding that a trial court's admission of testimony of a nonparty police officer who had personal knowledge of the incident at bar was within the court's discretion and did not constitute plain error). Plaintiff has

---

[2] Plaintiff received notice of the potential testimony of Mr. Miller when Defendants filed their pretrial memorandum, which listed Mr. Miller as a trial witness. (Doc. 123.)

not provided any legal authority to support his position that Mr. Miller could not testify because he had been dismissed as a party in the action. Moreover, Plaintiff was afforded an opportunity to challenge Mr. Miller's testimony through cross-examination and to argue to the jury the proper weight to be given to Mr. Miller's testimony. Accordingly, there is no plain error associated with Mr. Miller's testimony at trial.

### 2. Dennis Pennese's Testimony

Plaintiff also argues that the court erred in permitting Dennis Pennese to testify because Mr. Pennese claimed that he was one of the officers involved in the arrest yet his name does not appear in the incident report. As with Mr. Miller's testimony, Plaintiff did not object to any portion of Mr. Pennese's testimony at trial and, therefore, the admission of Mr. Pennese's testimony may only be reviewed for plain error.[3]

Although Plaintiff disputes the extent of Mr. Pennesse's involvement in his arrest and argues that Mr. Pennessee made a false statement on the stand, the court must give deference to the jury's assessment of the evidence. Indeed, it is well settled that evidentiary disputes which turn on the credibility of witnesses generally do not warrant a new trial. *Compagnie Des Bauxites De Guinee v. Three Rivers Ins. Co.*, Civ. No. 04-393, 2008 WL 828035, *9 (W.D. Pa. Mar. 26, 2008) (citing *Williams v. Conrail*, 926 F.2d 1344, 1348 (3d Cir. 1991)). Consequently, there is no plain error associated with Mr. Pennese's testimony.

---

[3] Mr. Pennesse was also identified as a potential witness in Defendants' pretrial memorandum. (Doc. 123.)

### 3. Exclusion of Jose Rojo's Testimony

Plaintiff next contends that the court's exclusion of his witness, Jose Rojo, was an error warranting a new trial. However, in its October 28, 2013 order, the court specifically directed Plaintiff to file an addendum to his pretrial memorandum identifying the names of any proposed witness that he intended to present at trial together with the prisoner number and location of any incarcerated witness, which is necessary for this court to issue writs of habeas corpus ad testificandum. He failed to do so. Therefore, it was properly within the court's discretion to exclude Mr. Rojo's testimony.

The decision to permit or exclude testimony of a non-listed witness is left to the sound discretion of the trial court. *Beissel v. Pittsburgh and Lake Erie R. Co.*, 801 F.2d 143, 150 (3d Cir. 1986). The criteria for evaluating such an exercise of discretion are as follows: "(1) the prejudice or surprise in fact to the opposing party[;] (2) the ability of the party to cure the prejudice[;] (3) the extent of disruption of the orderly and efficient trial of the case[;] and (4) the bad faith or willfulness of the non-compliant party. *Id*. The Third Circuit has indicated that the importance of the excluded testimony should also be considered. *Young v. Lukens Steel Co.*, 881 F. Supp. 962, 975 (E.D. Pa. Nov. 22, 1994) (citing *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289 (3d Cir. 1991)). Here, the aforementioned factors demonstrate that the testimony of Mr. Rojo was properly excluded.

First, although acting *pro se*, Plaintiff exhibited willful noncompliance by failing to identify the witness in advance of trial despite being ordered to do so by this court. (*See* Doc. 115.) Instead, Plaintiff first alerted the court of his intent to call Mr. Rojo as a witness on day one of trial. (*See* N.T. at p. 4.)

Second, and most significant to the court's decision to exclude Mr. Rojo's testimony, to permit Plaintiff to call Mr. Rojo as a witness without prior notice to the court would have severely disrupted trial. Mr. Rojo was a prisoner at SCI-Camp Hill and, therefore, securing his testimony would have necessitated a continuance of trial in order to arrange for his appearance in court. (*See id.*) With the benefit of hindsight, the court now sees indicia in the record which could be interpreted to indicate that Plaintiff intended to call Mr. Rojo as a witness. However, as the saying goes, "hindsight is 20/20" and certainly not the proper mechanism to revisit the actions of the court or the litigants. Moreover, the court is not clairvoyant and cannot read inside the mind of a *pro se* litigant. It would be improper for the court to suggest witnesses for a litigant to call or to guide him through his litigation strategies. While the court appreciates Plaintiff's *pro se* status, it is the province of the litigant and not the court to plan his case-in-chief. Though *pro se* litigants do receive leniency, the court cannot be expected to hold their hands. It was Plaintiff's responsibility, as directed by the court, to provide the court with the names of all proposed witnesses *in advance of trial*. He failed to do so. A party cannot provide notice in the eleventh hour of a non-listed prisoner witness and expect the court to continue trial.

Third, the proposed testimony was not vital to Plaintiff's case since Plaintiff was still able to present his version of the incident to the jurors through his own testimony. Indeed, Plaintiff has failed to identify any fact that Mr. Rojo would have testified about that was not already presented to the jury through Plaintiff's testimony.

For all these reasons, Plaintiff's request for a new trial based on the exclusion of the testimony of Mr. Rojo does not warrant a new trial.

### 4. Exclusion of Photographs, Hospital Records, and Incident Report

Plaintiff's final evidentiary complaint is that the court erred in failing to permit into evidence the incident report, Plaintiff's hospital records, and photographs of Plaintiff from the night of his arrest. However, Plaintiff failed to properly move for the admission of this evidence at trial. First, Plaintiff's challenge to the exclusion of the photographs and incident report is without merit as Plaintiff did not move for their admission at trial. Second, although Plaintiff did move for the admission of his hospital records at trial, he failed to do so until after the close of evidence and, therefore, the court properly excluded their admission as untimely. (*See* N.T. at p. 86.)

Furthermore, a trial court has the discretion to admit or deny evidence that is either irrelevant or likely to confuse the finders of fact at trial. Fed. R. Evid. 401 & 403. Here, Plaintiff conceded that he sustained no facial injuries in connection with the two remaining issues before the jury, *i.e.*, his allegedly being thrown into a creek and having his feet slammed in a door of the police vehicle, and, therefore, admission of the hospital records and photographs, which presumably depict Plaintiff's facial injuries, would have served no relevant purpose at trial and likely would have confused the jury as to the relevant issues.

Finally, Plaintiff was not prejudiced by the exclusion of the incident report since he had the opportunity at trial to both offer his own testimony regarding his criminal conviction and to cross-examine the officers about their actions in relation to the incident. If, at any point, Plaintiff believed the testimony of an officer contradicted information contained in the incident report, Plaintiff could have attempted to impeach the officer by using the incident report during cross-examination and moved to admit the report into evidence.

12

Accordingly, for the reasons set forth above, Plaintiff's motion for a new trial will be denied on the basis of errors in the court's evidentiary rulings.

### C. Appointment of Counsel

Plaintiff also moved for a new trial due to the court denying his repeated requests for the appointment of counsel. Although an indigent civil litigant has neither a constitutional nor a statutory right to counsel, a court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Woodham v. Sayre Borough Police Dept.*, 191 F. App'x 111, 114 (3d Cir. 2006) (quoting *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see* 28 U.S.C. § 1915(e)(1). In *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact or law. *Tabron*, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, a court should consider a number of factors, including: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57.

Throughout the course of this litigation, Plaintiff filed six separate motions for the appointment of counsel (Docs. 3, 27, 43, 75, 108 & 133), which the court denied (Docs. 10, 29, 46, 75, 111 & 136). In its June 4, 2012 order, the court explained its reasoning for denying Plaintiff's third motion for appointment of counsel as follows:

> Assuming, solely for the purpose of deciding these motions, that Plaintiff's complaint has merit, Plaintiff has not demonstrated a need for court-appointed counsel at this time. Although Plaintiff's failed attempts to secure counsel weigh in favor of appointment of counsel, Plaintiff has also demonstrated that he is capable of presenting comprehensible arguments. Plaintiff's amended complaints and other submissions . . . contain . . . cognizable arguments, set forth in numbered paragraphs consisting of plain, concise statements. Plaintiff's motions contain appropriate citations to governing authority. Further, the court finds the legal issues in this case, to the extent that those issues can be discerned at this point, are relatively uncomplicated, and any investigation does not appear beyond the ability of Plaintiff. The court can not say, at least at this point, whether expert testimony is likely to be required, or whether Plaintiff will suffer prejudice if he is forced to prosecute his own claim. Furthermore, the court's liberal construction of *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 519 (1972), weighs against the appointment of counsel. Lastly, the fact that Plaintiff is unsure if he will have continued legal assistance does not warrant appointment of counsel. Therefore, Plaintiff's motion for appointment of counsel . . . will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative, or upon a properly filed motion by Plaintiff.

(Doc. 46.)

Similarly, by order dated January 9, 2014, the court denied Plaintiff's pretrial request for appointment of counsel and explained its reasoning as follows:

> Plaintiff's previous requests for appointment of counsel have been denied. The orders denying appointment of counsel addressed the criteria set forth in *Tabron* . . . . To date, [Plaintiff] has had the ability to present his own case; the legal issue is a single issue of excessive force on one occasion; no factual investigation is required; the case does

> not require an expert; and [Plaintiff] has not retained private counsel. The only problematic issue facing [Plaintiff] is that the case could turn on credibility determinations. The issue of credibility will be a problem whether [Plaintiff] has counsel or not, as his criminal past will be presented if he takes the witness stand, which he must do to present his case. This court has issued an order limiting the extent of the presentation of [Plaintiff]'s criminal record and will give a cautionary instruction to the jury on this issue. This court does not believe that appointment of counsel is warranted in this case.

(Doc. 136.)

During the trial, Plaintiff exhibited an ability to present his case without the assistance of counsel. Specifically, Plaintiff competently testified on his own behalf (N.T. at pp. 26, 30-45), moved for the admission of evidence (*id.* at pp. 44-45), cross-examined defense witnesses (*id.* at pp. 52-54, 56-59, 62-64, 68-70, 73-76), and presented a thorough closing argument and rebuttal in which he presented to the jury the alleged bases for a finding of liability (*id.* at pp. 88-94, 99). Therefore, the court finds that it properly denied Plaintiff's motions for the appointment of counsel as Plaintiff was not prejudiced in his ability to offer a complete presentation of his case. Thus, Plaintiff's motion for a new trial will be denied on this ground.

### D. Newly Discovered Evidence

Lastly, Plaintiff moves for a new trial on the basis of newly discovered evidence, yet fails to identify any purported new evidence. Plaintiff's conclusory and unsupported assertion of newly discovered evidence is hardly sufficient to meet his heavy burden for obtaining a new trial on that basis. As such, Plaintiff's motion will be denied in this regard.

**IV.**         **Conclusion**

      For all the aforementioned reasons, the court cannot conclude that the verdict in this case was against the weight of the evidence or that errors at trial produced a result inconsistent with substantial justice.  Accordingly, a new trial is not warranted and Plaintiff's motion will be denied.  An appropriate order will issue.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: May 6, 2014.